KLEINFELD FURNITURE COMPANY, INCORPORATED, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ALEX LICHTENBERG AND SARA LICHTENBERG, DEFENDANTS-APPELLANTS.

Submitted October Term, 1932—Decided March 4, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff-respondent, *Moses Jaffe* (*Robert E. Collan,* of counsel).

For the defendants-appellants, *Heller & Boss* (*Aaron Heller,* of counsel).

PER CURIAM.

This is an appeal from a judgment for possession of chattels rendered in favor of the plaintiff below in the District Court of the borough of Clifton.

From the state of case submitted it appears that the plaintiff, an installment furniture house, instituted an action in replevin to recover possession of certain articles of furniture sold to the defendant under a conditional sales agreement, alleging default in the payments agreed upon. The plaintiff filed a replevin bond upon the institution of the suit and the defendants, after the replevin writ had been served upon them, claimed a right of property in the chattels and filed a bond pursuant to section 126 of an act concerning District Courts. 2 *Comp. Stat., p.* 1993.

In behalf of the plaintiff, testimony was adduced tending to prove the sale of the merchandise to the defendants, the conditional sales agreement, which was received in evidence, and the default. The contract of sale provided that the conditional vendor might retake possession of the merchandise sold under it, upon default on the part of the buyer. There was testimony also that a demand for the possession of the merchandise in question was made by the plaintiff before this suit was instituted which demand was refused. The plaintiff rested and the defendants asked for a direction of verdict on the ground that the plaintiff had failed to prove a "proper" demand. The court denied the motion. No testimony whatever was offered by the defendant to in any way controvert plaintiff's evidence and the court, having found as a fact that a demand had been made and there patently having been a breach of the conditional sales agreement, gave judgment for possession in favor of the plaintiff.

The defendants, who are the appellants here, appeal on the ground that the court should have directed a verdict in their favor and that it was error for the court to have held that the defendants by claiming a right of possession in the chattels and by filing a redelivery bond had waived the requirement of a demand.

At common law, before a writ of replevin might issue, it

was necessary to show that there had been a demand made for the return of the personal property for the reason that the essence of a replevin action was to regain possession of personal specific chattels which possession has been refused. This requirement has been written into our statute which, however, nowhere provides that for maintaining this action the demand, as the appellant argues, must be in writing.

The court found as a fact in this case that a demand had been made and found that "there was no necessity for a demand to be in writing." In this we think the District Court judge was clearly right. The court also held that the "assertion by the defendants of the right to possession and their filing of a redelivery bond * * *" amounted to a waiver of the necessity of a demand.

Taking the record as it comes before us, the state of the case for this appeal having been settled by the District Court judge, it may well be that the conduct of the defendants, as described by the plaintiff's testimony, may have been such as to have justified the court in the assertion that it did amount to a waiver of the demand. If that be so it would be within the rule laid down in the case of *Voorhees* v. *Thomas,* 107 *N. J. L.* 134; 146 *Atl. Rep.* 927, where we find this language: "Defendant may clearly indicate a stubborn refusal to deliver."

The court's finding that a demand had been made was sufficient. The judge need not have gone any further and whether it was legally proper so to do we cannot decide because of the meagerness of the record. At all event, whether this statement complained of be justified or not, it is not under the circumstances of this case reversible error. Coupled with the other fact findings of the court, at best, it is superfluous.

However, be that as it may, the judgment under review will be affirmed because the court below did find that a demand had been made; that the conditional sales agreement had been breached and that there had ben a default.

The judgment of the District Court is therefore affirmed, with costs.